Day, J.
 

 Whether alimony awarded by court order, to be paid to the wife monthly ‘ ‘ so long as she remains unmarried,” continues beyond the decease of the husband, is the question before us.
 

 The Probate Court held that the alimony obligation does not abate with the death of the husband; that where the marriage relation has not been dissolved, or where the husband has been forced to pay alimony to his wife without divorce, there is no obligation in law upon the husband to support his wife beyond his own lifetime, for the reason that his widow is entitled to share in her husband’s estate under the statute of descent and distribution, as well as under other statutory provisions made for her benefit; that where, however, there is a divorce and a division of property, support does not cease upon the death of the husband because the divorced wife retains no further rights in her husband’s estate beyond that provided for her in the decree of divorce and property settlement; that, consequently, the alimony provision for the payment to the wife of $100 per month so long as she remains unmarried is just as binding upon the estate of the husband as the other terms of the property settlement would be were they not carried out before his death.
 

 The Court of Appeals, in affirming the judgment of the Probate Court, said: “But for the decree
 
 * * *
 
 and her release of dower in pursuance thereof, the •
 
 *620
 
 plaintiff would, upon the death of the defendant, her former husband, have been entitled to dower in the real estate awarded to him by the court in the property division.” The Court of Appeals further stated: “When * * * there is considerable property and estate to be divided and awarded by a court and there has been a dissolution of the marriage relation for the aggression of the husband, the language of the section quoted [Section 11991, General Code] is broad enough to clothe the court with discretionary power to extend payments of alimony in installments beyond the joint lives of the parties.”
 

 The alimony award of $100 per month was not absolute, as was the property division. This award was conditional upon her remaining unmarried, from which we infer the court meant during the lifetime of the divorced husband. This $100 monthly alimony award was not an allowance in lieu of dower, nor was it made to her in consideration of release of dower. The dower release was given by the wife in consideration of the property settlement. She received property in lieu of her dower interest. The $100 per month alimony award was for her support, independent of her release of dower, and had nothing to do therewith. As such, the $100 a month alimony award was a charge upon decedent personally-and it terminated with his death.
 

 The arguments of the courts below and of counsel for appellee apparently proceed .on'the assumption that the $100 monthly alimony award was the only allowance made to the appellee and that it was made in consideration of her dower release. The decree discloses, however, that she received, absolutely and in fee simple, a portion of her husband’s farm property, unencumbered, and residence property wherein she made her home, encumbered by an $8,000 mortgage,
 
 *621
 
 which the husband was, by decree, ordered to pay off, and which he accordingly did pay off.
 

 The $100 monthly award was not, in our opinion, part of the property settlement and division in lieu of dower, but was a personal obligation'imposed upon defendant and, unquestionably, intended as a charge against his future earnings based upon his earning capacity. There being no earning capacity upon decease, the obligation based thereon terminates upon his decease.
 

 Appellee argues that since the court gave her this “annuity” instead of dower and distributive share in her deceased husband’s property, why should her right thereto be denied her because of her former husband’s death? However, we fail to see, from an examination of the decree, that she was awarded the monthly payments in lieu of dower and distributive share. Were this contention tenable, what would have been the purpose o'f ordering the farm property and the residential property to be conveyed to her and of the order upon the husband to pay off the $8,000 mortgage? Dower and distributive share give a widow a certain portion of her deceased husband’s real and personal estate. Appellee was, by decree, here awarded and she accepted a portion of the real and personal estate of her divorced husband. Her interest in his estate was thereby exhausted.
 

 “Strictly considered, however, alimony awarded in conjunction with a final decree of divorce is essentially of the same character as the right of support which the wife loses by the dissolution of the marriage. It is therefore,difficult to see why the rights of the divorced wife should be greater than those she would have enjoyed had she not been divorced. Moreover, there is this practical objection to considering the decree for alimony as surviving the demise of the husband: In this country, at least till very re
 
 *622
 
 cent times, the class of persons whose incomes are derived solely from accnmnlated wealth is comparatively small. The income of most men is derived from their professional or business exertions, and the award of alimony is usually based on such an income, not on one accruing from accumulated property. An allowance of an amount which it would be entirely just that a man should pay during his life to the wife whom his misconduct has compelled to seek a divorce, might be grossly extravagant if imposed as a charge upon his estate after his death and very unjust to other claimants of his property. Consequently, although there is considerable conflict in the decisions, the preponderance of authority is to the effect that not even alimony awarded in connection with an absolute divorce survives the husband’s decease. Thus the husband’s death has been held to terminate a decree awarding alimony so long as the wife may live, even though security for the payment of the same had been given pursuant to the order of the court.” 1 Ruling Case Law, 933 and 934, Section 80.
 

 The decree in the instant case granted divorce, settled property rights and distributed the assets of the husband in proportion deemed just and equitable by the court. This is binding upon the husband and upon his estate. The wife released her dower in the property retained by the husband. This is binding upon her and’ her estate. Further alimony was awarded for her support, payments to continue so long as she remained unmarried. This'is binding upon the husband personally and not upon his estate. Upon his death this obligation abates. It likewise abates upon her remarriage during his lifetime.
 

 The duration of this decree does not extend beyond the joint lives of the parties unless expressly so provided by separate agreement which is approved by the court and incorporated into the decree
 
 (Hassaurek
 
 
 *623
 
 v.
 
 Markbreit, Admr.,
 
 68 Ohio St., 554, 67 N. E., 1066), or unless expressly so provided by statute (1 Ruling Case Law, 934 and 935). See also annotation in 18 A. L. R., 1045
 
 et seq.
 

 Counsel for appellee rely upon the case' of
 
 Hassaurek
 
 v.
 
 Markbreit, Admr., supra,
 
 as authority for their contention that the alimony award survives the death of the spouse charged with its payment. However, it must be observed that in that case the decree was based upon and incorporated a contract between the parties and the court expressly stated, on page 580: “Whether this judgment would have been an erroneous exercise of the jurisdiction which the statute vested in the court if it had been rendered
 
 without consent
 
 we need not consider.” (Italics ours.) Consequently, that case is not authority for the issue here presented.
 

 In divorce and alimony cases, courts have only such power with respect to awarding alimony as are authorized by statute.
 

 Where, upon the granting of a divorce to the wife for aggressions of the husband, there is an equitable division of the husband’s real and personal estate made, and the portion retained by the husband is ordered to be “held and owned by him, free and clear from the inchoate dower estate” of the wife, and the wife is further awarded, as alimony, $100 per month, payments to continue so long as she remains unmarried, in the absence of contract or statutory provision to the contrary, such decree with respect to the install-, ment alimony payments will be held not to embrace periods beyond the death of the husband. This is likewise the general rule in the United States and England. See 101 A. L. R., 923; 18 A. L. R., 1040, 1050; 1 Ruling Case Law, 934; 19 Corpus Juris, 278.
 

 Much of the argument of counsel for appellee is directed to the question whether judgments rendered
 
 *624
 
 final by lapse of time may be reversed, vacated, modified, annulled or amended, contending tbat no such power exists in view of tbe fact tbat no reservation for further orders of court was made in tbe decree.
 

 Tbis court is not here called upon to do any of tbe things which counsel for appellee-contend we have no jurisdiction to do with respect to tbe decree considered. We are merely called upon to construe tbe words “so long as she shall remain unmarried,” used in tbe decree, in order to determine whether tbis language imposes a personal obligation upon tbe divorced husband which terminates with bis death, or survives bis death and imposes an obligation upon bis estate. In construing tbis language, tbis court ruahes no attempt to disturb in any manner tbe judgment rendered, but merely to give it effect in accordance with tbe true intent of tbe court which rendered it as we interpret tbat intent to be.
 

 Counsel for appellee further contend tbat by tbe judgment of alimony tbe wife is vested with a right of which she cannot now be divested. Suffice it to say, however, tbat there is no vested right in installments of alimony until tbe payments have become due. See 19 Corpus Juris, 278.
 

 We therefore reverse tbe judgments of tbe courts below.
 

 Judgment reversed.
 

 Zimmerman, Williams and Myers, JJ., concur.
 

 Weygandt, C. J., and Matthias, J., dissent.