ALDER, Appellee,

v.

ALDER, Appellant.

[Cite as *Alder v. Alder* (1995), 105 Ohio App.3d 524.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–12–218.

Decided Aug. 7, 1995.

*Garretson, Braun & Cunningham* and *John A. Garretson,* for appellee.

*Ruppert, Bronson, Chicarelli & Smith Co., L.P.A.,* and *Rupert E. Ruppert,* for appellant.

KOEHLER, Judge.

Defendant-appellant, John W. Alder, appeals an order of the Butler County Court of Common Pleas, Domestic Relations Division, awarding plaintiff-appellee, Norma L. Alder, $375 per month in spousal support until her death or remarriage and ordering that the permanent spousal support award be a charge against appellant's estate in the event that he dies before appellee.

The parties were married on October 20, 1990 and divorced on October 20, 1993. Prior to the marriage, appellee had been appellant's personal secretary at Champion International ("Champion") in Hamilton, Ohio for six years. Because of company policies prohibiting appellee from continuing as her husband's secretary, appellant, prior to the marriage, either suggested or agreed that appellee should take early retirement from her employment. Appellee subsequently took early retirement, but as a result of her early departure from Champion, her monthly retirement benefits were reduced by $375.

After the parties separated in March 1993, appellant was terminated. Appellant had been employed at Champion for more than forty years. At the time of his termination, appellant's retirement income from the company plus his social security benefits totaled about $53,000 per year. Additionally, appellant received accrued vacation pay of $14,400 and separation pay of $101,000. Appellee's annual income from her reduced pension plus her income from interest totals about $21,000.

By decision dated September 17, 1993, the trial court, *inter alia,* awarded appellee $375 per month in spousal support until her death or remarriage.

Appellant appealed the trial court's decision to this court. By entry filed May 9, 1994, this court affirmed in part and reversed in part the trial court's decision and remanded the spousal support issue for a proper determination of need. *Alder v. Alder* (May 9, 1994), Butler App. No. CA93–10–209, unreported, 1994 WL 178373.

On September 19, 1994, the trial court held a hearing with regard to the spousal support issue. In a decision filed on October 25, 1994 and an entry filed on November 15, 1994, the trial court, after noting that spousal support award was no longer predicated upon need alone but could be based upon any of the factors set forth in R.C. 3105.18, awarded appellee $375 per month in spousal support until her death or remarriage and ordered that the spousal support award be a charge against appellant's estate in the event he dies before appellee.

Appellant timely filed this appeal and raises two assignments of error. In his first assignment of error, appellant argues that the trial court's permanent spousal support award was an abuse of discretion because the trial court failed to consider all the factors set forth in R.C. 3105.18(C)(1). Appellant contends that the trial court focused solely on appellee's lost income production capacity in making its spousal support award.

The trial court has broad discretion in determining spousal support and is subject to reversal on appeal only if an abuse of discretion is demonstrated. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178, 181. Pursuant to R.C. 3105.18, amended effective April 11, 1991, the standard to be applied is whether spousal support is "appropriate and reasonable"; need or necessity is no longer a prerequisite, although a court may consider any other relevant factor. See *Purden v. Purden* (June 7, 1994), Franklin App. No. 93APF10–1428, unreported, 1994 WL 242523.

R.C. 3105.18(C)(1) lists fourteen factors that a trial court must consider in determining whether spousal support is appropriate and reasonable. It is not necessary that the trial court list each factor and comment on it, absent a request for findings of fact and conclusions of law. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 356, 20 O.O.3d 318, 323, 421 N.E.2d 1293, 1299. A reviewing court will presume that the trial court considered all factors listed in R.C. 3105.18(C)(1) and all other relevant factors. *Id.*

An examination of the record and of the language of the trial court's October 25, 1994 decision indicates that, although it did not specifically enumerate them, the trial court did consider the statutory factors in awarding spousal support to appellee, including the parties' incomes, their relative earning abilities, their age and physical condition, their retirement benefits, the duration of the marriage, their standard of living during the marriage, and appellee's lost income production capacity. See R.C. 3105.18(C)(1)(a), (b), (c), (d), (e), (g), and (m).

During the September 19, 1994 hearing, both parties testified as to their retirement benefits, their monthly budget, and their current income. Appellant's income is $3,410 per month and appellee's monthly income, not including spousal support, is $1,527.36. Appellee testified that she had unsuccessfully sought full-time employment. She also testified that in addition to breast cancer, she had pneumonia and gall bladder surgery. Appellant testified that he had been offered a position as a consultant in Vancouver, Australia, Brazil, and British Columbia. The position would require appellant to relocate. Appellant also testified that several of his monthly expenses (such as house mortgage for a house in North Carolina, gas and food expenses to go to North Carolina, life insurance) had been incurred after the parties' divorce. Based upon the record, ordering appellant to pay $375 per month in spousal support was not an abuse of discretion by the trial court. Appellant's first assignment of error is overruled.

In his second assignment of error, appellant argues that the trial court abused its discretion when it ordered the spousal support award to be a charge against appellant's estate in the event he dies before appellee. We agree.

R.C. 3105.18(B) provides in relevant part that "[a]ny award of spousal support * * * shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise." The trial court's November 15, 1994 entry states that "[appellant] shall pay to [appellee] * * * $375 per month * * * as and for spousal support which shall be payable until [appellee]'s death or remarriage. * * * The spousal support shall be a charge against [appellant]'s estate in the event he dies prior to [appellee] * * *."

In *DeMilo v. Watson* (1957), 166 Ohio St. 433, 2 O.O.2d 433, 143 N.E.2d 707, the Ohio Supreme Court held that a court granting a divorce could, within the exercise of its general equity powers, provide that payment of alimony in future installments could be made a charge against the payor's estate. *Id.* at 436, 2 O.O.2d at 435, 143 N.E.2d at 709. In *DeMilo*, the payee was awarded $175 per month in alimony for twelve years. In *Snouffer v. Snouffer* (1937), 132 Ohio St. 617, 9 O.O. 14, 9 N.E.2d 621, the Ohio Supreme Court held that in the absence of a contract or a statutory provision to the contrary, a decree which awarded alimony of $100 per month to the wife as long as the wife remained unmarried would not embrace periods beyond the husband's death. *Id.* at 623, 9 O.O. at 16, 9 N.E.2d at 624.

Construing the foregoing decisions, the Ohio Supreme Court in *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, held that "in order for a sustenance alimony award to be a charge against [the husband]'s estate * * *, the award must be a definite sum that will cease on a date certain." *Id.* at 72, 554 N.E.2d at 91. In *Kunkle*, as in the case at bar, the court awarded the wife a definite sum per month in spousal support until the wife's death and ordered that

the spousal support award be a charge against the husband's estate should he predecease his wife. The Supreme Court reversed the court of appeals' judgment pertaining to spousal support and remanded the cause to the trial court with instructions to award the wife spousal support in a definite amount for a specific and reasonable period of time. *Id.* at 73, 554 N.E.2d at 91–92. We are mindful that *Kunkle* was decided before R.C. 3105.18 was amended in 1991. However, we find that the reasoning and holding of *Kunkle* are applicable here, especially in light of the fact that the amended R.C. 3105.18(B) merely codifies what lower courts used to order with regard to termination of a spousal support award. In addition, we have not found any Supreme Court cases applying the amended R.C. 3105.18(B).

In light of the foregoing, we find that the trial court abused its discretion when it ordered the spousal support award to be a charge against appellant's estate should appellant predecease appellee. The trial court's November 15, 1994 entry is therefore modified as follows: John W. Alder shall pay to Norma L. Alder the sum of $375 per month as and for spousal support which shall be payable until the death of either party or Norma L. Alder's remarriage. Whichever event occurs first will cause the termination of this spousal support order. Appellant's second assignment of error is well taken and sustained.

The judgment is affirmed in part, reversed in part, and modified.

*Judgment accordingly.*

WILLIAM W. YOUNG, J., concurs separately.

WALSH, P.J., concurs in part and dissents in part.

WILLIAM W. YOUNG, Judge, concurring separately.

I write only to point out that one of the most compelling reasons for my decision to sustain appellant's second assignment of error is the brevity of the marriage. While I realize that appellee lost some of her pension benefits by taking an agreed-upon early retirement, it must be remembered that the parties' divorce was granted only three years after the date of marriage. Obviously, the marital relationship terminated some time prior to that.

Under the circumstances of this case, I feel it was error to order that the spousal support award be a charge against appellant's estate, and thus I concur.

WALSH, Presiding Judge, concurring in part and dissenting in part.

I agree with the majority's ruling, in connection with appellant's first assignment of error, that the trial court did not abuse its discretion in ordering appellant to pay spousal support in the amount of $375 per month. However, I must respectfully dissent from the majority's ruling, in connection with appellant's second assignment of error, that the trial court erred in ordering the

spousal support award chargeable against appellant's estate should he predecease appellee.

Based upon the facts and circumstances of each case, and the application of the factors in R.C. 3105.18(C)(1), the trial court has broad discretion to determine the proper amount and duration of spousal support. *Noll v. Noll* (1989), 55 Ohio App.3d 160, 161, 563 N.E.2d 44, 46; *Hall v. Hall* (Mar. 27, 1995), Butler App. No. CA94–05–104, unreported, 1995 WL 128402. Where circumstances warrant, the trial court may order permanent spousal support. *Hall, supra.* Furthermore, R.C. 3105.18(B), as amended in 1991, provides statutory authority for awarding spousal support as a charge against the estate of the payor spouse, as long as the order containing the award expressly so provides.

In this case, the trial court found that, due to the parties' agreement that appellee would take early retirement after they got married, appellee's pension benefits were permanently reduced by $375 per month. In addition, the trial court noted that appellee's poor health and advanced age made it unlikely that she would ever be able to reestablish employment.

It is clear that appellee's loss of income capacity and economic disadvantage are permanent and will continue to exist beyond appellant's death, in the event he predeceases her. Accordingly, the trial court's award of spousal support in the amount of $375 per month, chargeable to appellant's estate and terminable upon appellee's death or remarriage, appears reasonable and appropriate under the circumstances and within the statutory guidelines. I see no abuse of discretion and would affirm the trial court's spousal support award in all respects.