DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Joseph DiDonato has appealed from a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that ordered him to pay spousal support to defendant Kathleen DiDonato in the amount of $900 per month plus poundage for 36 months and $500 per month plus poundage for another 36 months. He has argued that: (1) the trial court's award was against the weight of the evidence and excessive; (2) the trial court failed to properly and adequately delineate the grounds for the amount and duration of the award; and (3) the trial court incorrectly ordered seventy-two months of spousal support payments and indefinite retention of jurisdiction over the issue of spousal support, because the parties, as indicated in the judgment entry of divorce, had agreed on shorter time periods for both. This Court affirms the judgment of the trial court because: (1) a transcript of proceedings was not made part of the record, and without it this Court is unable to review issues involving the weight and existence of evidence presented at the hearing in question; (2) the trial court did not fail to properly and adequately delineate the grounds for the amount and duration of the award; and (3) Mr. DiDonato failed to raise, in his objections to the magistrate's decision, the issues of the length of time over which he was to make spousal support payments and the length of time the trial court was to retain jurisdiction over spousal support and, therefore, waived these issues on appeal.
 I.
The parties were married on November 27, 1971. Three children were born during the marriage. On January 4, 1993, Mr. DiDonato filed a complaint for divorce. On January 13, 1993, Ms. DiDonato filed an answer and counterclaim for divorce. On February 16, 1993, Mr. DiDonato was ordered to pay, among other things, $1,000 per month in temporary spousal support to Ms. DiDonato. On September 26, 1995, following a divorce hearing, the trial court issued a judgment entry of divorce that spelled out an agreement reached by the parties regarding property division, debt division, child support, and spousal support. In accordance with that agreement, Mr. DiDonato was ordered to pay $13,784.88 to Ms. DiDonato for temporary support arrearages accrued through June 20, 1995. In addition, he was ordered to pay lump-sum spousal support to Ms. DiDonato in two installments of $11,250, to be paid before the end of 1995. The judgment entry provided that the trial court would retain jurisdiction of spousal support for seven years and that either party could "petition the Court for a determination or redetermination of spousal support during said seven-year period."
On December 15, 1995, Ms. DiDonato filed a motion to, among other things, "determine spousal support." A hearing was held before a magistrate on April 24, 1996. On July 8, 1996, the magistrate issued a decision that included an award to her of spousal support payments of $900 per month for 36 months and $500 per month for 36 months after that. Mr. DiDonato filed objections to the decision. The trial court adopted and affirmed the magistrate's findings and decision on October 30, 1996. Mr. DiDonato timely appealed to this Court.
 II. A.
Mr. DiDonato's first assignment of error is that the trial court's award was against the weight of the evidence and excessive. For grounds, he has argued that: (1) numerous factual findings made by the magistrate in his decision were unsupported by the evidence; and (2) given the financial situations of the parties, Ms. DiDonato was not in need of more spousal support than had been originally ordered in the judgment entry of divorce on September 26, 1995, nor was any additional support necessary to enable her to live at the parties' pre-divorce living standard.
First, Rule 53(E)(3)(b) of the Ohio Rules of Civil Procedure provides, in relevant part:
 Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact * * * unless the party has objected to that finding * * * under this rule.
Mr. DiDonato failed to support his objections with a transcript or affidavit of the evidence, as required by Rule 53(E)(3)(b) of the Ohio Rules of Civil Procedure. He, therefore, cannot now challenge the trial court's adoption of any of the magistrate's findings of fact.
Second, in arguing that the parties' financial situations did not support the trial court's award of the monthly spousal support payments at issue, Mr. DiDonato has pointed to alleged facts that would have been adduced, if at all, at the April 24, 1996, hearing. For example, he has asserted that Ms. DiDonato's redecoration of her home, new car purchase, and financial planner all demonstrated that her standard of living had increased since the divorce. There is no way for this Court to determine whether evidence of these alleged facts was presented to the trial court, however, since the record contains no transcript of the April 24, 1996, hearing or any sufficient substitute for a transcript pursuant to Rule 9 of the Ohio Rules of Appellate Procedure.
As the appellant, Mr. DiDonato had the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support his assignments of error.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,314.
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Thus, in the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v.Wozniak (1993), 90 Ohio App.3d 400, 409.
Even if Mr. DiDonato's arguments under this assignment of error would otherwise have merit, they cannot succeed because they are based on what happened at the April 24, 1996, hearing, of which there is no record before this Court. His first assignment of error is overruled.
 B.
Mr. DiDonato's second assignment of error is that the trial court failed to properly and adequately delineate the grounds for the amount and duration of the award. He has argued that the magistrate's decision outlined some of the hearing testimony, but gave no indication of the weight given to it. In addition, according to Mr. DiDonato, there was no indication of which factors were applied to determine the amount and duration of support, nor was there any indication of the weight assigned to various factors. Finally, he has argued that the trial court made no mention of the marital debts he assumed, the lump sum spousal support payment he made, or the stock transfer from him to Ms. DiDonato, and, therefore, apparently failed to consider these factors at all. According to Mr. DiDonato, the decision is contrary to law and cannot be reviewed adequately by this Court.
A trial court enjoys broad discretion in determining an award of spousal support and, absent an abuse of that discretion, such an award will not be disturbed on appeal. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. A court commits an abuse of discretion when its decision reflects an attitude that is arbitrary, unreasonable, or unconscionable. See id. In making an award of spousal support, a trial court must indicate the basis for the award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus. All of the factors listed in Section 3105.18(C)(1) of the Ohio Revised Code must be considered by a trial court in making an award of spousal support. Id. at paragraph one of the syllabus.[1] They include: the parties' income, retirement benefits, relative assets and liabilities, relative earning abilities, and relative extent of education; the parties' ages and physical, mental, and emotional conditions; the duration of the marriage; the inappropriateness of employment outside the home for a custodial parent; the parties' standard of living during the marriage; the contribution of each party to the other's education; the time and expense necessary for the spouse seeking support to become qualified to obtain appropriate employment, if sought; the tax consequences of an award; any lost income production capacity of either party due to marital responsibilities; and any other factor the court expressly finds relevant. See Section 3105.18(C)(1) of the Ohio Revised Code. This is also true of an order modifying spousal support. See Zahnv. Zahn (Sept. 24, 1997), Summit App. No. 18088, unreported, at 3, citing Kaechele, supra, at paragraph one of the syllabus. A trial court is not, however, expected to engage in mind-reading and guessing; it is the responsibility of the parties to present to the trial court evidence of any of those factors they wish the trial court to consider. See Zahn, supra, at 4, citing Cherry v.Cherry (1981), 66 Ohio St.2d 348, 356.
If a party is not satisfied with the level of detail in a magistrate's decision, it may request, pursuant to Rule 52 of the Ohio Rules of Civil Procedure, findings of fact and conclusions of law from the magistrate. See Rule 53(E)(2) of the Ohio Rules of Civil Procedure. See, also, Rush v. Schlagetter (Apr. 15, 1997), Ross App. No. 96CA2215, unreported, 1997 Ohio App. LEXIS 1560, at *13-14. Without such a request, a trial court is obligated only to consider the statutory factors in calculating its award; it need not list each factor and comment on it, as there is no requirement in Section 3105.18 that it do so. Alder v. Alder
(1995), 105 Ohio App.3d 524, 526; Carman v. Carman (1996),109 Ohio App.3d 698, 703. Absent a request for findings of fact and conclusions of law, then, a reviewing court will presume that the trial court considered all the factors and all other relevant facts in making its decision. Fallang v. Fallang (1996),109 Ohio App.3d 543, 548-549. See, also, Brown v. Brown
(July 21, 1997), Butler App. No. CA97-01-010, unreported, 1997 Ohio App. LEXIS 3141, at *5, citing Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 356 (same reasoning applied to property division in divorce).
Additional findings of fact and conclusions of law, if issued, might have provided Mr. DiDonato with the justification for the award that he desired, or might have provided this Court with sufficient information to determine that the trial court did, in fact, fail to consider the required factors, as Mr. DiDonato has alleged. A transcript of the hearing would have indicated whether evidence of any relevant factors, including the marital debts, lump-sum payment, or stock transfer, was even presented at the hearing and, if so, what the nature of that evidence was. Mr. DiDonato, however, did not request findings of fact and conclusions of law, nor did he provide the trial court or this Court with a transcript of the hearing. Without these, as long as the trial court's decision on its face does not indicate an abuse of discretion, he is precluded from asserting on appeal that the trial court erred in failing to consider certain statutory factors, failing to indicate how much weight it gave to the factors and testimony, or failing to consider certain financial factors that, according to him, were presented to the magistrate at the hearing.
The magistrate's decision expressly addressed many of the factors in Section 3105.18(C) of the Ohio Revised Code. Included in the decision were findings that the parties were married from 1971 to 1995; that they had had three children, one of whom was a minor who resided with Ms. DiDonato and had been diagnosed with an attention deficit disorder; that Mr. DiDonato's annual income was $120,000, that Ms. DiDonato's annual income was approximately $40,000, and that Mr. DiDonato's earning ability was much greater than Ms. DiDonato's; that the parties were 48 and 49 years old; that Ms. DiDonato had developed carpal tunnel syndrome; that there had been no new evidence of retirement benefits presented since the original divorce proceedings; that Ms. DiDonato, as the residential parent of a minor child, was not prevented from working outside the home; that, during the marriage, Ms. DiDonato had not worked outside the home, and there had been sufficient assets to pay for private education and various family vacations; that Ms. DiDonato had updated her education in nursing to become employed since the divorce; that the parties' assets were reflected in the judgment entry of divorce, mostly without valuations; that evidence had been presented that Mr. DiDonato had rolled over his 401K plan worth $93,000, that he was due a tax refund of $32,000 from 1995, that he owned $32,000 worth of stock, and that his IRA accounts were "intact"; that the parties each had liabilities reflected in the exhibits;[2] and that both parties were contributing to the support and education of the two older children. In the decision, the magistrate also noted expressly that no evidence had been presented regarding any of the following: mental or emotional problems that would impair the parties' abilities; Mr. DiDonato's education; contributions by one party to the other's education; additional time or expense necessary for either party to acquire education or job training; and any valuations of assets received by Ms. DiDonato other than those valuations mentioned in the decision.
Mr. DiDonato has not alleged that any part of the decision is, on its face, arbitrary, unreasonable, or unconscionable. Given the detailed and apparently reasonable nature of the decision, the lack of a transcript and exhibits from the hearing, and the fact that Mr. DiDonato failed to request findings of fact and conclusions of law, Mr. DiDonato's second assignment of error is overruled.
 C.
Mr. DiDonato's third assignment of error is that the trial court incorrectly ordered seventy-two months of spousal support payments and indefinite retention of jurisdiction over the issue of spousal support, because the parties, as indicated in the judgment entry of divorce, had agreed on shorter time periods for both. Mr. DiDonato, however, failed to raise these issues in his objections to the magistrate's decision and, therefore, waived them. See Rule 53(E)(3)(b) of the Ohio Rules of Civil Procedure. Mr. DiDonato's third assignment of error is overruled.
 III.
Mr. DiDonato's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
QUILLIN, J., J.
REECE, J.
CONCUR
 APPEARANCES:
RANDALL PERLA, Attorney at Law, for Appellee.
SUSAN M. LAWKO, Attorney at Law, for Appellant.
[1] At the time of Kaechele, the factors to be considered appeared in subsection (B) of the statute. The statute was later amended, and the current list of factors appears in subsection (C)(1).
[2] The exhibits were not made part of the record on appeal, and so cannot be reviewed.