DECISION AND JUDGMENT ENTRY
{¶ 1} Kenneth Brown appeals from the Pike County Common Pleas Court's order granting his divorce from Stephanie Brown, n.k.a. Stephanie Mossbarger[1] (Ms. Mossbarger). Specifically, Mr. Brown argues that the trial court erred in awarding a $7,000 lump sum spousal support award in favor of Ms. Mossbarger. Because the trial court did not abuse its discretion, the spousal support award is valid. Next, Mr. Brown argues the trial court erred in failing to address all of the issues relating to the couple's marital debt. Because the trial court failed to address the couple's Citifinancial consolidation loan, we must remand this case for a determination regarding that debt.
 {¶ 2} Kenneth Brown and Stephanie Mossbarger were married in 1990 and have two children together. During their marriage, the parties accumulated various debts, including: a first and second mortgage from Citifinancial, a consolidation loan from Citifinancial, a Ford Credit loan (for Mr. Brown's truck), an Americredit loan (for Ms. Mossbarger's car), a Discover credit card, a National City credit card, a Lowe's credit card, a Wells Fargo loan, a Fashion Bug line of credit, a past due cellular phone bill, a past due electric bill, and a Time Warner cable bill.
 {¶ 3} In May 2001, Mr. Brown moved out of the marital residence and filed for divorce in June 2001. Later, Ms. Mossbarger filed her answer and a counterclaim for divorce. On April 26, 2002, the trial court granted the parties' divorce. In its order, the trial court granted Mr. Brown custody of the children and ordered Ms. Mossbarger to pay child support. The trial court ordered Mr. Brown to pay the mortgage, Lowe's credit card, Discover credit card, Ford Credit loan, one-half of the past due cellular phone bill, and one-half of the past due electric bill. The trial court ordered Ms. Mossbarger to pay the Americredit loan, Wells Fargo loan, National City credit card, Fashion Bug line of credit, Time Warner cable bill, one-half of the past due cellular phone bill, and one-half of the past due electric bill. Further, the trial court ordered that the couple retain all personal items currently in their possession, except that Ms. Mossbarger should return to Mr. Brown the bedroom suite given to them by his grandmother. Finally, the court ordered Mr. Brown to pay Ms. Mossbarger a $7,000 lump sum spousal support award.
 {¶ 4} However, on May 1, 2002, the trial court, sua sponte, filed a nunc pro tunc judgment entry, which changed the spousal support award to a distributive award. The nunc pro tunc entry consisted of one paragraph and three changes; the reference to "R.C. 3105.18" became "R.C.3105.171," the first reference to "spousal support" became "distributive award," and the second reference to "spousal support" became "distributive property settlement award." Mr. Brown appeals from both judgment entries and assigns the following errors. FIRST ASSIGNMENT OFERROR — The trial court erred in its award of spousal support to the defendant as such was against the manifest weight of the evidence.SECOND ASSIGNMENT OF ERROR — The trial court erred in issueing [sic] the nunc pro tunc entry and the distributive award granted therein was against the manifest weight of the evidence. THIRD ASSIGNMENT OFERROR — The trial court erred when it failed to address all issues as to debt.
 {¶ 5} Because the nature of our review of the award to Ms. Mossbarger depends upon whether it is spousal support or, alternatively, a distributive award, we look initially to Mr. Brown's second assignment of error. There, he argues the trial court's nunc pro tunc judgment entry is invalid. In the alternative, Mr. Brown argues that if the nunc pro tunc entry is valid, then the trial court's $7,000 award to Ms. Mossbarger is, nevertheless against the weight of the evidence.
 {¶ 6} Nunc pro tunc judgment entries are proper only when they reflect what the court "actually decided, not what the court might or should have decided or what the court intended to decide." State ex rel.Mayer v. Henson, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, at paragraph 14. Courts file nunc pro tunc judgment entries in order to correct clerical mistakes, typographical errors, scrivener's errors, make mathematical corrections or to supply information which existed but was omitted. See id.; McKay v. McKay (1985), 24 Ohio App.3d 74, 75,493 N.E.2d 317 citing Jacks v. Adamson (1897), 56 Ohio St. 397, 402,47 N.E. 48 (addressing clerical mistakes); Rinehart v. Rinehart (Sept. 15, 1999), Gallia App. No. 98CA9 (addressing typographical, clerical and scrivener's errors); and State v. Marks, Monroe App. No. 868, 2002-Ohio-6267, at paragraph 28 (addressing information which existed but was omitted).
 {¶ 7} Here, the record contains references to both a request for spousal support and a request for a property settlement. Thus, we can envision the reasoning and support for an award based on either R.C.3105.18, the spousal support statute, or R.C. 3105.171, the distributive award statute. However, there is nothing in the reward or the trial court's nunc pro tunc entry to indicate that it is an attempt to correct a typographical or clerical error, nor an attempt to supply information which existed but was omitted. Instead, it appears that the trial court used the nunc pro tunc entry as a mechanism to change its reasoning and statutory support for the $7,000 award to Ms. Mossbarger. In short, it appears the trial court filed its nunc pro tunc entry to reflect what it thought it should have decided or what it intended to decide. This is clearly not the proper function of a nunc pro tunc entry. Therefore, since the trial court's nunc pro tunc entry is invalid we do not need to consider whether the $7,000 award to Ms. Mossbarger was appropriate as a distributive award. Instead, we will analyze the award as a spousal support award under Mr. Brown's first assignment of error.
 {¶ 8} Trial courts enjoy broad discretion in awarding spousal support. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. We will not reverse a court's decision awarding spousal support absent an abuse of that discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,24, 550 N.E.2d 178. An abuse of discretion is more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. Masters v. Masters, 69 Ohio St.3d 83, 85,1994-Ohio-483, 630 N.E.2d 665. When applying this standard, we may not substitute our judgment for that of the trial court. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181 citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 9} Once a party requests it, the court may make an appropriate and reasonable spousal support award. R.C. 3105.18(B). In determining what is "appropriate and reasonable", the court must consider the following factors: (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable. R.C.3105.18(C)(1).
 {¶ 10} The trial court must indicate the basis for its spousal support award in sufficient detail to enable us to determine that "the award is fair, equitable and in accordance with the law." Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus. When making an award, the trial court must consider all of the factors under R.C. 3105.18(C), and must not base its determination upon any one of the factors taken in isolation. Id. at paragraph one of the syllabus. But, in the absence of a request for findings of fact and conclusions of law, Kaechele does not require the trial court to list and comment on each factor. Rinehart v. Rinehart (Sept. 15, 1999), Gallia App. No. 98CA9 citing Alder v. Alder (1995), 105 Ohio App.3d 524, 526,664 N.E.2d 609, overruled on other grounds by Carnahan v. Carnahan
(1997), 118 Ohio App.3d 393, 400, 692 N.E.2d 1086. Kaechele and R.C.3105.18(C) only require the trial court to reveal the basis for its award in either its judgment entry or the record. Id.
 {¶ 11} Here, to support its award of spousal support, the trial court stated: "Defendant requests that she be awarded a lump sum in the amount of $10,000.00 (representing $1,000.00 per year of marriage) as and for spousal support. After consideration of the factors in ORC 3105.18, the Court finds the Plaintiff has a much greater income and earning ability than the Defendant; that the marriage was in excess of 10 years; and that the parties [sic] standard of living was higher during the marriage than the Defendant's current standard of living. The court further finds the Defendant was awarded the majority of the parties' assets, which were valued at between $3,000.00 to $4,000.00. Therefore, the Court awards the amount of $7,000.00 to the Defendant as and for her spousal support. The sum to be paid within 90 days of this Order."
 {¶ 12} Mr. Brown argues the trial court's award of spousal support is against the weight of the evidence because the court failed to consider all of the R.C. 3105.18(C) factors and it ignored the fact that Ms. Mossbarger was cohabitating with another man. Mr. Brown also contends the trial court failed to make a finding regarding Ms. Mossbarger's need for support and his ability to pay the lump sum judgment.
¶ 13 Contrary to Mr. Brown's assertion, the proper inquiry is whether the trial court abused its discretion, which is more deferential than a weight of the evidence review. See Kunkle, supra; Bechtol, supra; and Thomas v. Thomas (Aug. 4, 1997), Scioto App. No. 96CA2434. Factual determinations such as the characterization of the parties' property and its value are reviewed under the manifest weight of the evidence standard. However, once the facts have been determined, domestic relations courts continue to have broad discretion to craft equitable relief under the circumstances that are unique to each case. Moreover, since Mr. Brown failed to request findings of fact and conclusions of law the trial court was not required to list and comment on each statutory factor. See Rinehart, supra. Finally, courts no longer base spousal support on the recipient's need and the obligor's ability to pay. See,Tallerico v. Tallerico, Scioto App. No. 00CA2707, 2001-Ohio-2669, fn. 2;Roddy v. Roddy (Jan. 11, 1999), Pike App. No. 97CA600 (stating that the pre-1991 version of R.C. 3105.18 based spousal support on the recipient's need rather than what was "appropriate and reasonable."). See, also,Heslep v. Heslep (June 14, 2000), Monroe App. No. 825. Thus, the current version of R.C. 3105.18 focuses on the spousal support award's appropriateness and reasonableness, while the needs of the requesting party and the ability of the opposing party to pay it remain important considerations.
 {¶ 14} Here, the trial court stated in its entry that it considered the statutory factors and specifically relied on the income of the parties, the earning abilities of the parties, the length of the marriage, the standard of living established by the parties during their marriage and the assets and liabilities of the parties. See R.C.3105.18(C)(1)(a),(b),(e),(g) and (i). Thus, we are convinced that the trial court considered the statutory factors. Moreover, the record reflects the trial court was aware of Ms. Mossbarger's current living arrangement and, could have discounted its relevance in light of Mr. Brown's acknowledgment that during the marriage he was the primary breadwinner with a salary of more than double Ms. Mossbarger's. Viewing the totality of the circumstances, the trial court's spousal support award is not arbitrary or unreasonable. Therefore, we cannot say that the trial court abused its discretion in awarding Ms. Mossbarger a $7,000 lump sum spousal support award.
 {¶ 15} In his third assignment of error, Mr. Brown argues that the trial court's entry failed to allocate all of the marital debt. First, Mr. Brown contends the trial court's entry provided only that the proceeds from the sale of the marital residence pay the "Citifinancial mortgage." Therefore, Mr. Brown reasons the trial court erred because it failed to address the payment of the parties' second mortgage, which Citifinancial also holds. Next, Mr. Brown contends the trial court failed to allocate the parties' Citifinancial consolidation loan. Ms. Mossbarger urges us to read the trial court's entry to provide that the proceeds of the sale of the marital residence pay both mortgages. Ms. Mossbarger contends that we should assume the trial court allocated the Citifinancial consolidation loan to Mr. Brown because he testified at one point that he would pay it.
 {¶ 16} Courts must distribute and allocate both marital debt and marital property under R.C. 3105.171(F). Samples v. Samples, Washington App. No. 02CA21, 2002-Ohio-5441, at ¶ 22. Trial courts are required to divide marital property equitably between the spouses. R.C. 3105.171(B). This requires the court, in most cases, to divide the marital property equally. R.C. 3105.171(C)(1). However, if an equal division would produce an inequitable result, the trial court is only required to divide the property equitably. Id. Since the trial court possesses a great deal of discretion in attaining an equitable distribution, we will not reverse the court's division of property absent an abuse of discretion. SeeHolcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597.
 {¶ 17} Here, the trial court allocated and provided for all of the marital debt except the second mortgage and the Citifinancial consolidation loan. However, in its judgment entry, the trial court provided that proceeds from the sale of the marital residence should pay the Citifinancial mortgage. Since Citifinancial holds both the first and second mortgage on the marital residence, it is reasonable to read the trial court's entry as providing for both mortgages. However, it is not reasonable to assume the trial court meant to allocate the Citifinancial consolidation loan to Mr. Brown. Since the record is clear that the trial court had knowledge of the Citifinancial consolidation loan and the trial court's entry specifically lists all of the parties' other marital debts, we must conclude that the trial court's entry does not provide for this debt. Therefore, the trial court abused its discretion in failing to allocate or distribute all of the parties' marital debt.
 {¶ 18} In light of our remand, if we are wrong in assuming that the trial court intended to provide that the proceeds from the sale of the marital residence pay for both mortgages, it may also modify this portion of its entry.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED. Appellant and Appellee shall share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] As part of the divorce decree, the trial court granted the appellee's request to restore her maiden name and neither party has appealed that portion of the decision.