**LINDSAY, Appellee,**

v.

**CURTIS, Appellant.**

[Cite as *Lindsay v. Curtis* (1996), 115 Ohio App.3d 742.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–03–041.

Decided Nov. 25, 1996.

*Holbrock & Jonson* and *James L. Gedling,* for appellee.

*Fiehrer & Fiehrer* and *Jack J. Fiehrer,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Stewart Curtis, Jr., appeals from a divorce decree entered by the Butler County Court of Common Pleas, Domestic Relations Division, contesting the court's finding of contempt and refusal to terminate spousal support.

Appellant and plaintiff-appellee, Marilyn R. (Curtis) Lindsay were married on May 3, 1952. Four children were born during the marriage, all of whom are emancipated. During the marriage, appellant was employed by Champion International ("Champion") while appellee remained at home, working as a homemaker and rearing the parties' four children.

Appellee filed a complaint for divorce on February 6, 1989. A decree of divorce was filed on December 6, 1989 which divided the parties' assets and liabilities. Pursuant to the divorce decree, appellant was ordered to pay spousal support to appellee in the amount of $200 per week until appellee's death, remarriage, or cohabitation.[1] In addition, the court issued a qualified domestic relations order ("QDRO") which awarded appellee fifty percent of appellant's retirement benefits from Champion.[2]

Following the parties' divorce, appellee obtained employment with the Kroger Company as a salad bar attendant. Appellant subsequently filed a motion to review the spousal support award due to a change in circumstances. In an entry dated August 13, 1991, the trial court reduced appellant's spousal support obligation from $200 per week to $175 per week, while retaining jurisdiction to modify the support in the future upon the proper demonstration of a change in circumstances.

Appellant retired from Champion effective September 1, 1995 and ceased making spousal support payments to appellee. On November 1, 1995, appellee filed a motion seeking to hold appellant in contempt for failure to pay spousal support. On December 6, 1995, the magistrate filed a decision recommending that appellee's motion for contempt be granted and that appellant could purge his contempt by paying the spousal support arrearage of $2,450. The magistrate

---

1. The trial court reserved jurisdiction to modify the award of spousal support upon a demonstration of a change in circumstances.

2. The record indicates that appellee elected to begin receiving her share of appellant's retirement benefits in 1990, approximately five years prior to appellant's retirement. Consequently, appellee is entitled only to a pension benefit of $423 per month rather than approximately $700 per month had she waited to receive the benefits upon appellant's retirement.

also recommended that appellant immediately resume payment of spousal support in the amount of $175 per week and that appellant pay appellee's attorney fees and costs associated with the filing of her motion for contempt.

Appellant filed objections to the magistrate's decision and a motion to terminate spousal support. On March 5, 1996, the trial court filed an entry affirming the magistrate's decision and denying appellant's motion to terminate spousal support. The trial court did, however, reduce appellant's spousal support obligation from $175 per week to $156 per week. It is from this judgment that appellant now appeals, setting forth the following assignment of error:

"The trial court erred to the prejudice of defendant-appellant when it found him in contempt and when it refused to terminate spousal support."

Appellant contends that the trial court erred by finding him in contempt for failure to pay spousal support and by denying his motion to terminate his spousal support obligation.

■ "The power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions." *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, 1364. As the court's main concern in a contempt proceeding is its authority and proper functioning, "great reliance is placed upon the discretion of the trial judge." *Id.* at 16, 520 N.E.2d at 1364. A reviewing court will not reverse a lower court's decision in a contempt proceeding absent an abuse of discretion. *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm.* (1990), 48 Ohio St.3d 43, 44, 549 N.E.2d 162, 163–164; *Briede v. Heaberlin* (Feb. 19, 1991), Butler App. No. CA90–08–157, unreported, 1991 WL 21288. An abuse of discretion connotes more than an error of law or judgment and indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

■ Based upon a careful review of the record before us, we find no abuse of discretion by the trial court in finding appellant in contempt for failing to pay spousal support. The record indicates that appellant was ordered by the court to pay $175 per week in spousal support to appellee. At a subsequent hearing on his motion to terminate spousal support, appellant admitted that he had not paid any spousal support to appellee since August 1995. The trial court therefore properly found that appellant had disregarded an order of the court, and its decision granting appellee's motion for contempt is not an abuse of discretion. See *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm.* (1990), 48 Ohio St.3d 43, 44, 549 N.E.2d 162, 163–164.

■ Appellant also argues that the trial court erred by refusing to terminate his spousal support obligation. Appellant argues that it is improper for a court to

consider his previously divided pension benefits as a source of income for spousal support purposes.

A trial court has broad discretion to examine all the evidence before it determines whether an award of spousal support is appropriate. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 130, 541 N.E.2d 597, 598–599. A decision regarding spousal support will not be disturbed on appeal absent an abuse of discretion. *Blakemore,* 5 Ohio St.3d at 218–219, 5 OBR at 482, 450 N.E.2d at 1141–1142; *Alder v. Alder* (1995), 105 Ohio App.3d 524, 526, 664 N.E.2d 609, 610.

In determining whether to grant spousal support and in determining the amount and duration of the payments, the trial court must consider the factors listed in R.C. 3105.18(C)(1)(a) through (n). R.C. 3105.18(C)(1)(a) specifically states that when determining whether spousal support is appropriate and reasonable, the court must consider "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed" pursuant to an equitable division of the parties' marital and separate property. Consequently, "a trial court may order the payment of spousal support from income which is all or in part derived from retirement benefits." *Enix v. Enix* (Feb. 4, 1993), Montgomery App. No. 13535, unreported, 1993 WL 26775. See, also, *Roach v. Roach* (1989), 61 Ohio App.3d 315, 319, 572 N.E.2d 772, 774, (monthly retirement benefits received by husband included in his income for spousal support calculation); *Beyer v. Beyer* (1979), 64 Ohio App.2d 280, 18 O.O.3d 267, 413 N.E.2d 844, paragraph two of the syllabus (Social Security benefits received by a party included in income for spousal support purposes); *Deaton v. Deaton* (Dec. 18, 1995), Butler App. No. CA95–04–077, unreported, 1995 WL 746230 (retirement benefits received by husband constitute income for spousal support calculation).

The record indicates that during the parties' thirty-seven-year marriage, appellee was a homemaker and was not employed outside the marital home. At the time of the February 1996 hearing, appellee was sixty-two years old. Appellee is currently employed part-time by the Kroger Company as a salad bar attendant. Appellee testified that she earns approximately $5.96 per hour and works twenty-one hours per week.[3] Appellee testified that she has several medical problems which render her unable to work on a full-time basis. Appellee stated that she recently had a spinal cord tumor removed and her right knee

---

3. Appellee stated that she has to work at least twenty-one hours per week in order to receive medical insurance through her employment.

replaced, has chronic back pain, and has rheumatoid arthritis, and she may need to have her left knee replaced in the near future.[4]

Appellee testified that in addition to her sporadic part-time income from Kroger, she receives Social Security benefits of $470 per month and pension benefits from her share of appellant's Champion pension in the amount of $423.16 gross per month.

Appellant testified that when he retired from Champion in 1995, he received approximately $67,000 gross in severance pay.[5] After taxes, appellant's net benefit upon retirement was $37,000. Appellant testified that he currently receives Social Security benefits of $1,021 per month and pension benefits from Champion in the amount of $1,106 per month. Appellant also stated that he has occasionally worked part-time for Hanover Township, for which he receives $6 per hour.

After thoroughly reviewing the record, we find no abuse of discretion in the trial court's refusal to terminate appellant's spousal support obligation. The record indicates that the order requiring appellant to pay $156 per week as spousal support to appellee is appropriate and reasonable under the circumstances of this case. See *Alder*, 105 Ohio App.3d at 526, 664 N.E.2d at 610. Given that the parties were married for thirty-seven years and are now in their sixties, that appellee was a homemaker during the entire marriage, and that appellee now has little opportunity to develop meaningful employment outside the home and has extensive medical problems, the trial court's award of spousal support does not constitute an abuse of discretion. See *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67–69, 554 N.E.2d 83, 86–89. Furthermore, appellant's pension benefits were properly included in his monthly income for the calculation of spousal support. See *Enix*, Montgomery App. No. 13535. Accordingly, appellant's sole assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and POWELL, JJ., concur.

---

4. Appellee stated that she did not work for nine months in 1994 due to the spinal cord surgery and did not work for six months in 1995 due to the knee replacement surgery.

5. Appellant stated that he received $5,509.60 as unused vacation, $4,407.68 as accrued vacation, and $57,299.84 as severance pay.