James G. Ray appeals from an order of the domestic relations division of the court of common pleas. In that order, the court overruled Ray's motion to vacate a withholding order issued to the General Motors Pension Administrator requiring him to withhold a sum from Ray's pension income to pay Ray's monthly support obligation to his former spouse, Nancy Lee Ray.
The marriage of the parties was terminated by decree of dissolution in 1983. The decree adopted and incorporated a "Property Settlement Agreement." In that agreement, James* and Nancy each released all claims on the property of the other not specified therein. James' General Motors retirement plan was not specified, and thus Nancy released her claim to it. James also agreed, and was ordered, to pay spousal support to Nancy at the monthly rate of $650, plus an additional $2,000 each December to fund her IRA account.
The amount of monthly spousal support was increased twice thereafter by agreement of the parties, the last being by order dated August 19, 1991. In that order, which was prompted by and also settled other obligations, James was ordered to pay Nancy $1,377.50 per month as and for spousal support, beginning June 1, 1991.
James elected to retire from General Motors on September 31, 1997. The withholding order was issued the following month to the General Motors Pension Administrator, requiring the Administrator to withhold $1,680.58 from James' monthly pension and to forward that amount to CSEA to be applied to his spousal support obligation.
James moved to vacate the withholding order, arguing that the pension income he receives from his General Motors retirement plan cannot be applied to calculate or pay his spousal support obligation because Nancy released her right to any share in that plan in 1983. The trial court overruled James' motion and confirmed the withholding order.
James filed a timely notice of appeal. He presents three assignments of error on appeal. Those three assignments present a common issue: whether the income James receives from his General Motors retirement plan is available to determine and/or pay his monthly spousal support obligation to Nancy when she waived her right to any share of that plan.
In the order from which this appeal was taken, the trial court found that, according to the 1991 order concerning spousal support, James is required to pay an amount of support equal to twenty-five per cent of his adjusted gross income, which includes wages, tips, and other compensation. The 1991 order excludes from that calculation any interest or dividend income, as well as capital gains.
The argument that James presents, that his retirement income is unavailable to determine or pay his spousal support obligation, has been addressed by this court twice before. In both cases we held that trial court may order the payment of spousal support from retirement benefits. Seer v. Seer
(September 18, 1991), Montgomery App. No. 12332, unreported.Enix v. Enix (February 4, 1993), Montgomery App. No. 13535, unreported. Accord, Lindsay v. Curtis (1996), 115 Ohio App.3d 742; Roach v. Roach (1989), 61 Ohio App.3d 415; Deaton v.Deaton (Dec. 18, 1995), Butler App. No. CA 95-04-077, unreported.
The foregoing decisions rely on the relevant statutory provisions governing determination of the need for and amount of spousal support. Those provisions now appear at R.C.3105.18(C)(1)(a) — (n). Division (d) provides that "[t]he retirement benefits of the parties" must be included. James argues that the provision should not apply to him because his obligation was created in 1983, before the statute or its predecessors became effective.
Even were we to agree with James concerning application of the statute, we nevertheless can find no reason in this record to exclude his retirement income from the basis on which his spousal support obligation is calculated and paid.
When Nancy waived her right to receive her share of the pension retirement plan that James had accumulated during their marriage, she released her interest in the plan as a marital asset. She did not thereby also exempt the income that James realizes off that asset from calculation of the spousal support that James agreed to pay, and was ordered to pay. Indeed, that income is within the general definition of "income" which the parties agreed in 1991 would be used as a basis to calculate and pay spousal support. The failure to specifically include James' General Motors retirement income from the formula provided does not operate to exclude it when it is within the general definition of "income" and is not specifically excluded from its coverage.
The assignments of error are overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Robert D. Goelz, Esq. Anthony J. Zaharieff, Esq. Hon. Judson L. Shattuck, Jr.
* For purposes of clarity and economy, the parties will be identified by their first names.