OPINION
Defendant-appellant, Karen Buchanan, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, refusing to find her former husband, plaintiff-appellee, Michael Buchanan, in contempt of court. Appellant also appeals the court's decision determining that she had committed domestic violence against her daughter.
Appellant and appellee were married on May 12, 1989 and one child, Joanna, was born of the marriage on February 7, 1994. On October 3, 1996, a magistrate determined that appellant had committed domestic violence against Joanna. Appellee filed for divorce on October 11, 1996. Appellee was granted custody and appellant was granted visitation. Appellant's visitation was initially ordered supervised by her mother. In early 1998, however, appellant was granted overnight unsupervised visitation. On April 3, 1998, appellant picked Joanna up from day care for a weekend visitation. On Sunday morning, April 5, 1998, appellant telephoned appellee to request an additional hour for her visitation as the time had changed. Appellant also informed appellee that Joanna had sustained a bruise to her cheek allegedly from falling out of appellant's bed during the early morning hours of April 4, 1998.
Appellant returned Joanna to appellee on Sunday afternoon, April 5, 1998. Joanna was upset and crying and when appellee asked her what was the matter she replied, "Mommy hit me in the teeth." Appellant objected to the admission of this testimony from appellee at the civil domestic violence hearing on hearsay grounds, but her objection was overruled. Joanna had a circular bruise on her cheek and a bruise on her thigh that resembled a handprint.
Appellee testified that he then took Joanna to her pediatrician and reported the bruising to Children's Protective Services. Appellee also testified that he refused to allow appellant to take Joanna for previously scheduled visitation between April 7 and April 24. Appellant moved to have appellee held in contempt of court and appellee charged appellant with civil domestic violence. On April 24, the court preliminarily ordered that appellant's visitation be supervised.
Following a full hearing on the civil domestic violence and contempt issues, the magistrate issued separate decisions. Regarding the contempt issue, the magistrate found that "based on the child's physical appearance and demeanor after [appellant's] parenting time during the weekend of April 4, 1998, the Court finds [appellee's] conduct reasonable." Appellant's objections to this decision were overruled by the trial court on September 3, 1998. Regarding the domestic violence issue, the magistrate found that appellant had engaged in domestic violence against Joanna and ordered that visitation be again supervised by appellant's mother. Appellant's objections to the magistrate's order were overruled by the trial court on September 3, 1998.
Appellant has raised four assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FAILING TO FIND THE APPELLEE IN CONTEMPT FOR DENYING VISITATION TO THE APPELLANT AND ISSUING PROPER SANCTIONS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ADMITTED HEARSAY EVIDENCE.
Assignment of Error No. 3:
 THE JUDGMENT RENDERED IN THE TRIAL COURT REGARDING THE FINDING OF DOMESTIC VIOLENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 4:
 THE TRIAL COURT FAILED TO ISSUE SUFFICIENT FINDINGS OF FACTS AND CONCLUSIONS OF LAW.
In her first assignment of error, appellant claims that the trial court should have found appellee in contempt of court for refusing to allow her scheduled visitation. Appellee admitted that he did not allow appellant unsupervised visitation after Joanna reported to him that appellant had hit her. The magistrate found that appellee acted reasonably and in good faith under the circumstances. A reviewing court will not reverse a lower court's decision in a contempt proceeding absent an "abuse of discretion," which connotes more than an error of law or judgment and indicates that the trial court's decision is unreasonable, arbitrary or unconscionable. Lindsay v. Curtis (1996), 115 Ohio App.3d 742.
Appellee reported the suspected domestic violence to appropriate authorities and sought medical treatment for his daughter. He then refused to allow appellant to have unsupervised visitation. The trial court's decision that appellee's actions were taken in good faith was not unreasonable, arbitrary or unconscionable. Therefore, appellant's first assignment of error is without merit.
In her second assignment of error, appellant claims that the trial court erred in admitting the testimony of appellee indicating that Joanna had told him, "Mommy hit me in the teeth." The court admitted this statement as an excited utterance exception to the hearsay rule under Evid.R. 803(2). This exception excludes from hearsay "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." An excited utterance is the product of reactive rather than reflective thinking. State v. Taylor (1993), 66 Ohio St.3d 295,300. Time is not necessarily the controlling factor in determining whether a statement qualifies as an excited utterance.State v. Humphries (1992), 79 Ohio App.3d 589, 598. Rather, it is important to assess whether the declarant made the statement under "circumstances that would reasonably show that it resulted from impulse rather than reason and reflection." State v. Smith
(1986), 34 Ohio App.3d 180, 190.
In admitting Joanna's statement to her father, the magistrate correctly noted that the courts have liberalized the requirements for the hearsay exceptions when applied to young children. See,e.g., State v. Storch (1993), 66 Ohio St.3d 280. Joanna was upset and crying when she greeted her father after visitation with appellant. These circumstances indicate impulse rather than reflection. An appellate court should allow the trial court wide discretion to determine whether in fact a declarant was, at the time of an offered statement, still under the influence of an exciting event. State v. Wagner (1986), 30 Ohio App.3d 261, 263. We find no abuse of discretion by the trial court, and appellant's second assignment of error is overruled.
In her third assignment of error, appellant argues that the trial court's determination that she had committed domestic violence against Joanna was against the manifest weight of the evidence. In entering a finding of civil domestic violence, the trial court applies the usual preponderance of the evidence standard for civil proceedings. Felton v. Felton (1997), 79 Ohio St.3d 34. Joanna's statement provided sufficient, credible evidence to meet this standard, and the trial court's decision was not against the manifest weight of the evidence. Accordingly, appellant's third assignment of error is overruled.
In her final assignment of error, appellant argues that the magistrate's decision did not contain adequate findings of fact and conclusions of law to determine that she had committed domestic violence against Joanna. The magistrate noted that Joanna stated, "Mommy hit me in the teeth." The magistrate also noted that Joanna had other bruises on her leg. These factual findings were adequate to support the legal conclusion that appellant had committed domestic violence against Joanna. Therefore, appellant's final assignment of error is overruled.
Judgments affirmed.
YOUNG, P.J., and VALEN, J., concur.