OPINION
This is an appeal from an order of the domestic relations division of the court of common pleas that modified a spousal support order by reducing the amount of the support award. Plaintiff-Appellant argues that the trial court abused its discretion when it failed to terminate support entirely., Plaintiff-Appellant, Gilbert W. Templeton, and Defendant-Appellee, Ruth Templeton, were divorced after twenty-five years of marriage in 1988. They owned substantial marital assets. The court divided their assets between the parties equally. The court also awarded Ruth[1] spousal support in the amount of $5,000 per month.
Gilbert's income in 1988 was $346,000. Ruth was not employed. Since then, Gilbert's income from his medical practice and assets has increased. In 1999, Gilbert's income was $460,000. Ruth remains unemployed. However, she now realizes a substantial income from the assets she was awarded in the divorce, which are now worth 2.7 million dollars. Ruth's adjusted gross income in 1999 was $333,783. Of that, $42,187 was dividend income, $60,542 was from spousal that Gilbert paid, $7,572 was from interest and miscellaneous receipts, and $225,482 was from capital gains on her investments.
The court reserved jurisdiction in the divorce decree to modify the spousal support it awarded. On August 30, 2000, Gilbert moved to reduce or terminate his spousal support obligation. The motion was referred to a magistrate, who decided that support should be reduced from $5,000 per month to $4,000 per month.
Gilbert filed timely objections to the magistrate's decision. The trial court overruled his objections and adopted the decision as the court's own order. Gilbert filed a timely notice of appeal to this court.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN COMMITTING AN ABUSE OF DISCRETION BY NOT TERMINATING ENTIRELY THE SPOUSAL SUPPORT AWARD TO RUTH TEMPLETON AND CONTINUING TO ORDER SUCH SUPPORT IN THE AMOUNT OF $4,000 PER MONTH WITH NO TERMINATION DATE.
The trial court overruled Gilbert's objection that the magistrate should have terminated support entirely. The court's written decision reveals that it relied on two principles in its supporting analysis.
The court first noted the presence here of several of the factors identified in Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, wherein theSupreme Court held, inter alia:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
Syllabus by the Court, paragraph one.
R.C. 3105.18(B) authorizes the domestic relations court to award spousal support "by decreeing a sum of money, payable either in gross or by installments, from future income, or otherwise, as the court considers equitable."
R.C. 31205.18(E)(1) permits modification if "the decree contains a provision specifically authorizing the court to modify the amount or terms of spousal support" upon a showing of changed circumstances.
The 1988 divorce decree entered in this case states only that the spousal support ordered "shall be subject to the further jurisdiction of the court." This is the informal rubric which has found favor in the domestic relations bar, but it is not the specific provision that R.C.3105.18(E)(1) prescribes. We regularly grant it that status, however. Had the court employed the correct language but omitted "terms of spousal support" from the required provision, it is arguable that the court now lacks jurisdiction to terminate support. But, the court did not do that, and instead retained authority to modify which could permit it to terminate the award by modification.
Kunkle creates a presumption in favor of spousal support awards definite in their duration. The presumption may be rebutted by evidence of any of the matters the Kunkle court discussed. An indefinite award may then be ordered. However, if the court also reserved jurisdiction to modify its indefinite award, as the court here did, the existence of those same matters reasonably cannot prevent termination per se. Whether any modification is then justified depends on the particular change of circumstances shown.
The second principle on which the trial court relied is "that the investments currently held by (Ruth) include her share of marital retirement assets, which she should not be required to deplete at this time to provide for her current living expenses." (Decision, p. 4).
R.C. 3105.18(E) permits a court that has authorized future modification of the amount or terms of spousal support in the divorce decree to grant that relief upon a showing of changed circumstances. For that purpose, "a change in the circumstances of a party includes, but is not limited to, any increase . . . in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). That list of sources is non-exclusive.
The trial court necessarily found a sufficient change of circumstances when it modified its prior spousal support award. Ruth does not argue that no sufficient change of circumstances exists. She does argue that an increase in the value of her investments and the income derived from them could have been anticipated when spousal support was ordered. We agree that some change in that respect is likely, and therefore could be anticipated, but whether as an increase rather than a decrease and the magnitude of either are not events that can reasonably be forecast or anticipated over a period of twelve years.
Pursuant to R.C. 3105.18(C)(1)(a), among the circumstances the court is required to consider when it awards spousal support in the decree is "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code." That section governs property division.
A spousal support award involves an equation, balancing the obligee's need for support against the obligor's ability to pay. We have held that, pursuant to R.C. 3105.18(C) (1)(a), a court may consider income an obligor derives from a retirement benefit or other marital assets the obligor was awarded in property division when it determines the obligor's ability to pay spousal support. Ray v. Ray (Feb. 12, 1999), Greene App. No. 98-CA-0079, unreported; Enix v. Enix (Feb. 4, 1993), Montgomery App. No. 13535, unreported; Seer v. Seer (Sept. 18, 1991), Montgomery App. No. 12332, unreported. Also see, Lindsay v. Curtis (1996),115 Ohio App.3d 742. By the same token, the court reasonably may not exclude income an obligee derives from retirement benefits or other marital assets an obligee was awarded in property division from its consideration in determining the obligee's need for spousal support. Logically, that applies both when the court awards support and when it modifies a spousal support order pursuant to R.C. 3105.18(E).
The trial court erred when it applied the rule of Kunkle, supra, as it did to deny Gilbert's request to terminate a spousal support award of indefinite duration, and when it refused to consider the income that Ruth receives from property awarded her in the divorce decree when determining her need for support. Therefore, the assignment of error is sustained.
Gilbert argues that, upon sustaining his assignment of error, we should exercise our authority to enter the order the trial court should have entered and terminate his support obligation entirely. We decline to do that.
On this record, Ruth's most recent annual income is almost ten times her annual personal expenses. The trial court is in a better position to determine and consider all the facts relevant to her need for support. That would include the question whether her substantial capital gains income is likely to continue. Indeed, Ruth's projected investment income may be too unclear or irregular to terminate support, in which event the court might decide to enter the same modification it ordered here.
Even if the court terminates support entirely, however, having "reserved jurisdiction" it may re-impose a support obligation at some future date upon a showing of other changed circumstances. LaPierre v.LaPierre (Sept. 7, 2001), Greene App. No. 2001CA10, unreported. Therefore, the trial court should be the decision-maker with respect to the issue of need, which is central to the relief Gilbert requests. The case will be remanded to the trial court for further proceedings consistent with this opinion.
WOLFF, P.J. and YOUNG, J., concur.
[1] For convenience and clarity, the parties are identified by theirfirst names.