OPINION
Defendant-appellant, Gerald Kelhoffer, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion to reduce or terminate his spousal support obligation. The decision of the trial court is affirmed.
Appellant and plaintiff-appellee, Arneda Kelhoffer, were married in 1962 and divorced in 1993. The parties reached an agreement regarding spousal support and the division of property, which was incorporated into the decree of divorce. Pursuant to the agreement, appellee was awarded the marital residence while appellant was awarded his pensions with AK Steel (formerly Armco) and NCR. The agreement obligated appellant to pay spousal support to appellee in the amount of $671.66 per month.
The trial court specifically retained jurisdiction over the spousal support award. When appellant retired in 1997 he filed a motion to modify the support order. The trial court determined that a change of circumstances had occurred which was not anticipated at the time that the original order was made and granted the motion. The trial court lowered appellant's spousal support obligation to $544 per month. Appellant filed a second motion to modify spousal support in May 1998, alleging that his AK Steel pension benefits had been reduced. This motion was denied by the trial court.
On May 9, 2000, appellant filed a motion to terminate or reduce his spousal support obligation, alleging that a change of circumstances had occurred in that appellee had turned sixty-two and was able to collect social security benefits. The trial court denied appellant's motion after considering both parties' sources of income, including appellant's pension benefits. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT DEFENDANT'S SPOUSAL SUPPORT OBLIGATION SHOULD NOT BE REDUCED.
Appellant contends that the trial court erred by refusing to modify his spousal support obligation. He argues that it was improper for the trial court to consider his previously divided pension benefits as a source of income for spousal support purposes.
A trial court has broad discretion to examine all the evidence before it determines whether an award of spousal support is appropriate. Holcombv. Holcomb (1989), 44 Ohio St.3d 128, 130. Accordingly, a trial court's decision regarding spousal support will not be disturbed on appeal absent an abuse of discretion. Lindsay v. Curtis (1996), 115 Ohio App.3d 742,746. More than an error in law or judgment, an abuse of discretion connotes that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
When determining whether to grant spousal support and the amount and duration of the payments, the trial court must consider the factors contained in R.C. 3105.18(C)(1). R.C. 3105.18(C)(1)(a) specifically requires that the court consider income in the form of retirement benefits, even if they were already distributed as marital property. SeeBriskey v. Briskey (July 23, 1998), Cuyahoga App. No. 73368, unreported. R.C. 3105.18(C)(1)(a) states that when determining whether spousal support is appropriate and reasonable, the court must consider "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed" pursuant to an equitable division of the parties' marital and separate property. Consequently, a trial court may order the payment of spousal support "from income which is all or in part derived from retirement benefits."Lindsay, 115 Ohio App.3d at 746, citing Enix v. Enix (Feb. 4, 1993), Montgomery App. No. 13535, unreported, 1993 WL 26775.
The record indicates that during the parties' thirty-one-year marriage, appellee was a homemaker and was not otherwise employed. Although appellee worked for several years after the divorce, earning at most, $6.25 per hour, she is presently unemployed. Appellee is now sixty-two years old and suffers from emphysema and osteoporosis which prevent her from working. In addition to receiving spousal support, appellee receives Social Security benefits of $480 per month and $130 in food stamps each month. Appellee's income is presently less than it was when the original spousal support order was made, and when it was subsequently lowered. Appellee has had difficulty keeping up with her monthly expenses and has had to rely on her children for additional financial support.
In contrast, appellant's income has remained essentially the same since his retirement. Appellant presently receives Social Security benefits of approximately $1,100 per month, pension benefits from AK Steel in the approximate amount of $896 per month, and pension benefits from NCR in the approximate amount of $125 per month. He testified that his monthly expenses, which include payment of his spousal support obligation, are met by his monthly income.
After thoroughly reviewing the record, we find no abuse of discretion in the trial court's refusal to terminate or modify appellant's spousal support obligation. The record indicates that the order requiring appellant to pay $544 per month as spousal support to appellee is appropriate and reasonable under the circumstances of this case. Given that the parties were married for thirty-one years and are now in their sixties, that appellee was a homemaker during the entire marriage, and that appellee now has little opportunity to develop employment outside the home and is experiencing medical problems, the trial court's award of spousal support does not constitute an abuse of discretion. See Kunklev. Kunkle (1990), 51 Ohio St.3d 64, 67-69. Furthermore, appellant's pension benefits were properly included in his monthly income for the calculation of spousal support. R.C. 3105.18(C)(1)(a); Lindsay,115 Ohio App.3d at 746. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.