OPINION
{¶ 1} Defendant-appellant, Edward Derickson, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion to terminate spousal support. We affirm the trial court's decision.
 {¶ 2} The parties divorced in December 2003, following a 32-year marriage. In the decree of divorce, appellant was ordered to pay spousal support as follows:
 {¶ 3} "[Appellant] shall pay to [appellee] one-half (1/2) of the net pay that he *Page 2 
receives from his employer. That amount is currently being paid at the rate of $980.00 bi-monthly, based on [appellant's] current income. The parties acknowledge that this amount may change, but it is contemplated that the amount to be received by [appellee] shall be 50% of the net pay of [appellant]. * * * The sale of the College View Motel shall be considered a change of circumstances for the purpose of reviewing the issue of spousal support, and this court retains jurisdiction to modify the spousal support issues in the event of the above-listed sale, or in the event [of] some other change of circumstances which may occur."
 {¶ 4} The motel was sold in October 2004, and the parties equally divided the proceeds from the sale. In June 2005, appellant's job was eliminated. However, as part of a severance package, he is to be paid his full salary through July 2007. In October 2005, appellant moved to terminate his spousal support obligation. In support of his motion, appellant cited the sale of the motel, the loss of his job, and appellee's receipt of $228,000 pursuant to a Qualified Domestic Relations Order ("QDRO"), ordered in the parties' divorce.
 {¶ 5} Following a hearing, the trial court denied the motion. In its decision, the trial court noted that the sale of the motel constituted a change of circumstances pursuant to the express language of the decree. However, the trial court considered the R.C. 3105.18 factors, and concluded that, because there had been no change in the relative financial positions of the parties, modification of the spousal support order was not warranted. Appellant appeals, raising two assignments of error which we will consider together.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION TO TERMINATE SPOUSAL SUPPORT BECAUSE THE CHANGE IN *Page 3 
CIRCUMSTANCES WAS CONTEMPLATED BY THE PARTIES AT THE TIME OF THE DIVORCE."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "WHERE A DECREE OF DIVORCE PROVIDES THAT A SPECIFIC EVENT SHALL CONSTITUTE A CHANGE OF CIRCUMSTANCES FOR PURPOSES OF REVIEWING SPOUSAL SUPPORT AND THAT EVENT OCCURS, THE PREREQUISITES FOR ENTERTAINING A MOTION TO TERMINATE SPOUSAL SUPPORT HAVE BEEN SATISFIED."
 {¶ 10} As an initial matter, we must first dispel appellant's contention that the trial court erred by failing to consider the sale of the motel as a change of circumstances which would warrant revisiting the spousal support issue. The trial court clearly acknowledged that the sale of the motel constitutes a change of circumstances and that "the parties agreed to review the issue of spousal support when the motel sold." The trial court's denial of appellant's motion was not premised on appellant's failure to demonstrate a threshold change of circumstances. Rather, the trial court acknowledged the change of circumstances, and proceeded to review the parties' relative financial situations. Applying the statutory factors, the trial court concluded that termination of the spousal support order was not warranted, as, in spite of the sale of the motel and the loss of appellant's job, the parties remained in the same financial position relative to one another.
 {¶ 11} The decision to deny a motion to modify or terminate spousal support is within the sound discretion of the trial court, and an appellate court will not reverse the trial court's decision absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144;Lindsay v. Curtis (1996), 115 Ohio App.3d 742, 746. "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts *Page 4 
and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." (Citation omitted.) Booth at 144. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217; Martin v. Martin
(1988), 37 Ohio St.3d 292.
 {¶ 12} As noted by the trial court, the parties' financial situations relative to one another have not changed. Both received equal amounts from the sale of the motel. Appellant, although no longer employed, has not suffered any loss of income. His net income has in fact increased as a result of decreased deductions. Appellee remains unemployed, and although she received a portion of appellant's pension after the divorce through a QDRO, she is unable to receive a monthly benefit or withdraw the funds without a penalty due to her age. Considering these facts, we conclude that the trial court did not abuse its discretion when it found that the spousal support order continued to be reasonable and appropriate. The assignments of error are overruled.
Judgment affirmed.
 POWELL, P.J., and BRESSLER, J., concur. *Page 1