[Cite as *Skerness v. Skerness*, 2015-Ohio-3467.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| VICKI ANN SKERNESS | : | JUDGES: |
|---|---|---|
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| EDWARD G. SKERNESS | : | Case No. 2015CA0002 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Coshocton County
                                Court of Common Pleas, Case No.
                                2009DV0506


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               August 24, 2015


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

ROBERT E. WEIR                          BRIAN W. BENBOW
Frase, Weir, Baker                      605 Market Street, Suite 1
and McCullough Co., L.P.A               Zanesville, OH 43701
305 Main Street
Coshocton, OH 43812

*Baldwin, J.*

{¶1}    Defendant-appellant Edward Skerness appeals from the January 15, 2015 Decision and Order of the Coshocton County Court of Common Pleas granting plaintiff-appellee Vicki Ann Skerness' Motion to Modify Spousal Support.

STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant Edward Skerness and appellee Vicki Ann Skerness were married on November 19, 1988. No children were born as issue of such marriage.

{¶3}    On June 12, 2009, appellee filed a complaint for divorce against appellant. Pursuant to a Judgment Entry filed on October 19, 2009, the trial court ordered appellant to pay appellee $1,045.00 per month in temporary spousal support plus poundage. At the time, appellant was earning approximately $60,000.00 a year and appellee $12,000.00 a year.

{¶4}    Appellant, on December 18, 2009, was found guilty of various crimes and was sentenced to four years in prison.

{¶5}    A Judgment Entry Decree of Divorce was filed on November 16, 2010 that incorporated the parties' October 11, 2010 Separation Agreement.  Article Two of the Separation Agreement states as follows**:**

> Husband shall pay spousal support to Wife as follows:
>
> temporary spousal support in the amount of One Thousand
>
> Forty Five and 00/100 Dollars ($1,045.00) per month,
>
> effective until March 31, 2010, and thereafter the order shall
>
> be modified and reduced to One Hundred ($100.00) per
>
> month as a temporary order until July 31, 2010.  Upon the

payment of $3,535.00 provided for in ARTICLE THREE, part E., Husband will have paid all amounts ordered as temporary spousal support; and therefore, no amount shall be preserved as an arrearage accumulating under the temporary orders.  Commencing August 1, 2010, Husband shall pay spousal support to Wife in the amount of One Hundred ($100.00) per month plus 2% processing charge for a period of one hundred seven (107) consecutive months. Said payment shall be made by Husband to Wife through the Child Support Enforcement Agency of Coshocton County (CSEA).  The Court shall retain jurisdiction to modify the amount of spousal support, but it shall not retain jurisdiction to modify the duration of spousal support.

The parties acknowledge that the amount of spousal support was determined in consideration of the following factors.  Husband is currently incarcerated in a state penal institution with his only source of income being a reduced amount of Veterans Administration benefits, which may be restored to a greater amount upon Husband's release.  The Court has determined that Husband's Veterans Administration benefits shall not be considered an asset for property division purposes and shall not be subject to attachment for the payment of spousal support; either during

Husband's incarceration or upon his release; however, said benefits may be considered as income for purpose of computing Husband's gross income as a factor in determining modification of spousal support. In consideration of the reduced amount of spousal support to be paid as a result of Husband's reduced income due to incarceration, Wife shall receive a disproportionately greater property division amount of two-thirds (2/3) of the marital property to Husband's one-third (1/3) of the marital property. In the event a motion to modify and increase spousal support is filed by Wife, Husband may argue that the disproportionate property division should be a factor to be considered by the Court.

{¶6} On August 25, 2014, appellee filed a motion seeking an increase in spousal support. Appellee, in her motion, alleged that appellant had been released from prison and that his income had increased "above the amount he received while incarcerated." A hearing on such motion was held on December 11, 2014.

{¶7} At the hearing, appellant testified on cross-examination testified that he was released from prison on December 18, 2013. He testified that before his prison sentence, he earned approximately $60,000.00 a year in 2008 working for Stone Container and had made over $50,000.00 at the time of his criminal trial in 2009. Appellant testified that he was in contact with Central Pension about his Stone Container pension and testified that he would receive approximately $1,500.00 a month

from that pension. Appellant testified that he received $1,912.00 a month in Social Security benefits and $1,525.55 in benefits from the Veteran's Administration ("VA"). When asked, appellant stated that he did not have any other sources of income or potential income. He was not working at the time of the hearing and had not sought any employment since his release from prison. He offered no evidence of his monthly living expenses. Appellant testified that he did not receive his VA benefits while in prison.

{¶8} Appellee testified that during the four years that her ex-husband was in prison, she did not receive spousal support. She testified that she worked at a bank earning $12.15 an hour and she received approximately $600.00 a month in pension benefits. Appellee testified that she worked 37 hours a week. According to appellee, her monthly living expenses were $2,058.00 and she had to dip into some of the retirement benefits that she received in the divorce to make ends meet.

{¶9} At the conclusion of the hearing, the trial court asked the parties to file post-hearing closing arguments. Pursuant to a Decision and Order filed on January 15, 2015, the trial court found that there had been a substantial change in circumstances and ordered that appellant pay spousal support to appellee in the amount of $600.00 a month retroactive to August 25, 2014.

{¶10} Appellant now raises the following assignments of error on appeal:

{¶11} THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ORDERING AN UPWARD MODIFICATION OF SPOUSAL SUPPORT WHEN THERE WAS NO SUBSTANTIAL CHANGE IN CIRCUMSTANCES, WHICH MADE THE PRIOR SPOUSAL SUPPORT ORDER NO LONGER REASONABLE UNDER R.C. 310518(F).

{¶12} THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ORDERING AN UPWARD MODIFICATION OF SPOUSAL SUPPORT WHEN APPELLANT HAD NO INCOME BY WHICH THE TRIAL COURT COULD LAWFULLY TAX SPOUSAL SUPPORT. THE TRIAL COURT'S JANUARY 15, 2015 JUDGMENT ENTRY AWARDING AN UPWARD MODIFICATION OF SPOUSAL SUPPORT WAS ACCORDINGLY AGAINST BOTH THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

I

{¶13} Appellant, in his first assignment of error, argues that the trial court erred in modifying spousal support when there was no substantial change in circumstances.

{¶14} Modifications of spousal support are reviewable under an abuse of discretion standard. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83 (1990). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶15} R.C. 3105.18 provides guidelines for the modification of spousal support as follows:

> (E) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined

on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support ...

(F)(1) For purposes of divisions (D) and (E) of this section and subject to division (F)(2) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as both of the following apply:

(a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.

(b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing

award when it was established or last modified, whether or not the change in circumstances was forseeable.

(1) In determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties. Absent an agreement of the parties, the court shall not modify the continuing jurisdiction of the court as contained in the original decree.

{¶16} There is no express requirement that the domestic relations court's order granting or denying a motion to modify spousal support reexamine *in toto* the factors listed in R.C. 3105.18(C)(1) that apply to an initial determination of spousal support. *Kucmanic v. Kucmanic,* 119 Ohio App.3d 609, 613, 695 N .E.2d 1205, 1208 (8th Dist. 1997). The domestic relations court should set forth the basis for its decision with enough detail to permit proper appellate review. *Id.,* citing *Graham v. Graham,* 98 Ohio App.3d 396, 399–400, 648 N.E.2d 850, 851–853 (1994).

{¶17} In the case sub judice, the trial court, as stated in the Separation Agreement,  retained jurisdiction over the amount of spousal support. The trial court, in its January 15, 2015 Decision and Order modifying spousal support, noted that appellant, who was incarcerated at the time of the parties' Separation Agreement,  had been released from prison, had failed to seek employment and was currently receiving $5,000.00 a month from various sources of income.  Appellant testified that during his incarceration, he did not receive his VA benefits, which would  have been his only

source of income at the time. At the hearing, appellee testified that during the four years that appellant was incarcerated, she was not receiving spousal support.

{¶18}   We find, based on the foregoing,  that the trial court did not err in finding that there was a substantial change in circumstances justifying an upward modification of spousal support.

{¶19}   Moreover, a modification of spousal support upon appellant's release from prison was clearly contemplated by the Separation Agreement. The Separation Agreement stated that  appellant would be receiving a reduced amount of  VA  benefits while in prison and that the benefits were his only source of income. The Separation Agreement further stated that appellant's VA benefits "may be restored to a greater amount upon [appellant's] release" and that "said benefits may be considered as income for purposes of computing [appellant's] gross income as a factor in determining a modification of spousal support."

{¶20}   Appellant's first assignment of error is, therefore, overruled.

II

{¶21}   Appellant, in his second assignment of error, argues that the trial court erred in finding that appellant had $5,000.00 in income "when all three potential sources of income were barred from consideration as a matter of law."

{¶22}   Appellant specifically argues that, under law, appellee could not be awarded any amount of his VA pension or his social security benefits.

{¶23}   R.C. 3105.18(B) allows trial courts, upon a party's request and after property distribution, to award reasonable spousal support. R.C. 3105.18(C) states, in relevant part, as follows :

{¶24} In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

{¶25} (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;…

{¶26} As noted by the court in *Graves v. Graves*, 4th Dist. Vinton No. 14CA694, 2014-Ohio-5812 at paragraph 42:

> R.C. 3105.18(C)(1)(a) clearly and unambiguously states that a trial court must consider "the income of the parties, from all sources," when determining whether spousal support is appropriate and reasonable. Thus, when trial courts determine whether to award spousal support, courts may consider a spouse's veteran's administration disability benefits, Social Security disability benefits, and Social Security retirement benefits, even if that income is a spouse's only source of income. *Dilley v. Dilley,* 11th Dist. Geauga No.2010–G–2957, 2011–Ohio–2093, ¶ 62 (disability benefits); *Simpson v. Simpson,* 12th Dist. Clermont No. CA2006–04–028, 2007–Ohio–224, ¶ 24 (Social Security retirement benefits); *DiNunzio v. DiNunzio,* 11th Dist. Lake No.2005–L–124, 2006–Ohio–3888, ¶ 59 (Social Security

disability benefits); *Crites v. Crites,* 6th Dist. Wood No. WD–04–034, 2004–Ohio–6162, ¶ 22 (veteran's disability benefits); *Cardone v. Cardone,* 9th Dist. Summit No. 18349, 1998 WL 224934 (May 6, 1998) (veteran's disability benefits).

{¶27} We note that appellant cites to the United States Supreme Court decision in *Mansell v. Mansell*, 490 U.S. 581, 594–595, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), in which the court held that state courts may not "treat as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits." However, at issue in this case is whether or not such benefits can be considered when calculating spousal support- not whether they are divisible as property. Appellant also cites to *Neville v. Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, in arguing that the trial court could not divide or tax his social security benefits. However, "[a] court should consider social security benefits when determining whether spousal support is correct." *Minear v. Palkovic,* 7th Dist. Mahoning No. 09–MA–61, 2009–Ohio–6752, ¶ 17, citing *Beyer v. Beyer,* 64 Ohio App.2d 280, 284, 413 N.E.2d 844 (8th Dist.1979). Thus, the trial court did not err in considering appellant's social security benefits.

{¶28} Appellant finally argues that the trial court erred in taking account his pension from Stone Container in determining spousal support. Appellant notes that the Separation Agreement states, in relevant part, as follows under "C. Intangible Personal Property":

> 2. Wife shall retain free and clear of any claim of Husband the sum of $60,870.00 of Husband's Central

Pension Fund of the International Union of Operating Engineers and Participating Employers. Each party represents and warrants that he or she has not made any withdrawal, transfer, or taken other action to reduce the balance of said account since the filing of the complaint for divorce. Wife shall pay all taxes, penalties and interest assessed as a result of receiving said pension. It is the understanding of the parties that an order to allocate these benefits may not be honored unless it is a Qualified Domestic Relations Order (QDRO) as defined under Section 414 (p) of the "Internal Revenue Code of 1986", 100 Stat. 2085, 26 USC1, as amended. Wife or her attorney shall be responsible for drafting and filing of an appropriate QDRO or other instrument. Both parties will fully cooperate in the drafting and signing of an appropriate QDRO or other instrument compatible with the division of said account as set forth herein. Husband shall retain the remainder of said account free and clear of any claim of Wife.

{¶29} However, C above concerns the division of personal property-not the consideration of the same in determining spousal support. Because appellant's pension is "income", we find that the trial court did not err in considering the same in its spousal support determination.

{¶30} Appellant's second assignment of error is, therefore, overruled.

{¶31} Accordingly, the judgment of the Coshocton County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.